No. 77–383.  INTERNATIONAL AMUSEMENTS, DBA ADULT BOOK & CINEMA STORE, ET AL. *v.* UTAH.  Sup. Ct. Utah.  Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted following a jury trial in the District Court for Weber County, Utah, for distributing pornographic material in violation of ch. 49, §§ 1 and 4, 1975 Utah Laws (formerly codified at 8 Utah Code Ann. §§ 76–10–1203 and 76–10–1204 (Supp. 1975), current version at Utah Crim. Code §§ 76–10–1203 and 76–10–1204 (1977)).  The conviction was affirmed by the Utah Supreme Court.  565 P. 2d 1112 (1977).

Section 76–10–1204 provided in pertinent part at the time of the alleged offense as follows:

> "(1) A person is guilty of distributing pornographic material when he knowingly:
>
> . . .
>
> "(c) Distributes or offers to distribute, exhibits or offers to exhibit, any pornographic material to others . . . ."

As used in § 76–10–1204, "pornographic material" was defined by § 76–10–1203 as follows:

> "(a) The average person, applying contemporary community standards, finds that, taken as a whole, it appeals to prurient interest in sex;
>
> "(b) It is patently offensive in the description or depiction of nudity, sexual conduct, sexual excitement, sadomasochistic abuse, or excretion; and
>
> "(c) Taken as a whole it does not have serious literary, artistic, political or scientific value.

"(2) In any prosecution dealing with an offense relating to pornographic material or performances, or dealing in harmful material, the question whether material or a performance appeals to prurient interest in sex shall be determined with reference to average adults or average minors as the case may be.

"(3) Neither the prosecution nor the defense shall be required to introduce expert witness testimony concerning the pornographic character of the material or performance which is the subject of a prosecution under this part."

I adhere to my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 76–10–1204, as it incorporated the definition of "pornographic material" of § 76–10–1203, was constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Utah Supreme Court was rendered after *Miller,* reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 495 (1973) (BRENNAN, J., dissenting).